### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGE BERRY, Individually, and on Behalf of Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. |
| v. | : : | JURY TRIAL DEMANDED |
| HOLTKAMP HEATING & AIR CONDITIONING, INC., | : : : | |
| Defendant. | : : | |
| _____ | : | |

## COMPLAINT

**COMES NOW** the Plaintiff, George Berry ("Plaintiff"), and submits this Complaint against the Defendant, Holtkamp Heating & Air Conditioning, Inc. ("Defendant"), on the grounds set forth below:

This is a civil action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

### PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiff is a resident of the State of Georgia.

**2.**

Defendant is a Georgia corporation, with its principal office located at 450 Satellite Boulevard, NE, Suite K, Suwanee, Georgia 30024. Defendant may be served via its registered agent for service of process, Matthew L. Holtkamp, 2648 E. Maddox Road, Buford, Georgia 30519.

**3.**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

**4.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendant conducts business and maintains a registered agent within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

**5.**

Plaintiff, an air conditioner installer, was an employee of Defendant beginning in April of 2017.

**6.**

Upon information and belief, Defendant has in the past and currently employs approximately twelve (12) air conditioner installers.

**7.**

At all times material to this Complaint, Plaintiff, and others similarly situated, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

**8.**

The additional persons who may become Plaintiffs in this action are Defendant's current and/or former employees who are/were non-exempt and who, during one or more work weeks within the three year statute of limitations period, were not paid time and a half wages for all hours they worked in excess of a forty (40) hour work week.

**9.**

Plaintiff seeks to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

**10.**

Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

**11.**

Plaintiff was required to report to work each work day between 6:15 a.m.-6:30 a.m. to pick up and load into his truck the materials necessary to perform his job. In that process, Plaintiff was required to work a number of overtime hours.

**12.**

After obtaining the necessary materials, Plaintiff would then travel to the job site, typically arriving at a job site between 9:00 a.m. and 9:30 a.m. Plaintiff frequently worked past 5:00 p.m., sometimes even as late as 10:30 p.m., with no lunch break taken.

**13.**

Although Plaintiff could not have accomplished his work without first obtaining the necessary materials and traveling to the work site(s), Defendant refused to pay Plaintiff for the hours he worked between 6:15 a.m. and 9:30 a.m. each work day. Defendant also did not pay Plaintiff for his travel time from work sites, regardless of the time expended by Plaintiff to do so.

**14.**

On Memorial Day 2017, Plaintiff, who had been out of town on the weekend, returned home to find that the company truck he had parked in his driveway, and which contained Plaintiff's personal property, including tools and a garage remote control, was gone.

**15.**

Plaintiff believed that Defendant's agents had retrieved the company truck. Plaintiff attempted to contact Holtkamp but his attempts were unsuccessful.

**16.**

When Plaintiff reported to work on Tuesday, June 1, 2017, Holtkamp confirmed that he had retrieved the company truck from Plaintiff's driveway, and, also advised Plaintiff that he was terminated.

**17.**

Plaintiff asked why he was being terminated. Holtkamp replied "I've got a business to run." No further explanation was provided.

**18.**

Plaintiff told Holtkamp that he wanted his personal property out of the company truck. Holtkamp told Plaintiff that there was nothing in the truck. Plaintiff then described the items and Holtkamp said "[w]e'll check on it."

**19.**

At that time, Plaintiff said that he wanted to be paid any outstanding earnings due him. Holtkamp replied that he wanted Plaintiff's company uniforms returned. As to Plaintiff's outstanding earnings, Holtkamp said "I'll get back to you."

**20.**

Shortly thereafter, Plaintiff returned the uniforms to the company office, but was told that Holtkamp was not in.

**21.**

Subsequently, Plaintiff called several times to speak with Holtkamp about his outstanding earnings. Each time he called, he was told that Holtkamp was unavailable or not in.

**22.**

At the time of his termination, Defendant owed Plaintiff $725.28 in unpaid earnings: 17.48 hours of overtime pay at $36.00 per hour; and, 4 hours at his regular pay rate of $24.00 per hour. Further, Plaintiff also believes that Defendant owes him for his travel time from work sites.

**23.**

Defendant is also liable to Plaintiff for the confiscation of Plaintiff's personal property, the value of which is $222.04.

## COUNT I
(**Claim For Relief Under FLSA §§ 206 and 207**)

**24.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**25.**

Defendant's failure to compensate Plaintiff for all time worked is in violation of §§ 206 and 207 of the Fair Labor Standards Act of 1938, as amended. Such violations are intentional and willful.  Said violations give rise to a claim for relief under the FLSA for Plaintiff for unpaid regular and overtime compensation, liquidated damages in an amount equal to all unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as a FLSA collective action under 29 U.S.C. § 216 for Defendant's workers, past and present, who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff all unpaid regular compensation, and liquidated damages in an amount equal to all unpaid regular compensation;

(e) Award to Plaintiff and to each member of the opt-in class payment for each  overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate,

liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(f) Issue a declaratory judgment that all employees employed prior to November 2017 (or such other date as the evidence may show as the date on which Defendant began to compensate their employees with overtime) are covered by the provisions of the FLSA and that Defendant failed to comply with the requirements of the FLSA;

(g) Award Plaintiff the costs of his personal property which was confiscated by Defendant;

(h) Award Plaintiff his costs and expenses of litigation, including an award of reasonable attorney's fees.

(i) Award such other further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff herein requests a trial by jury of all issues in this action.

Dated this 13th day of November 2017.

**PANKEY & HORLOCK, LLC**

By: /s/ Larry A. Pankey
Larry A. Pankey
Georgia Bar No. 560725
**Attorneys for Plaintiff**

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:   770-670-6250
Facsimile:    770-670-6249
Email:   LPankey@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, George Berry, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 13th day of November 2017.

                              **PANKEY & HORLOCK, LLC**

                              By:  /s/ Larry A. Pankey
                                   Larry A. Pankey
                                   Georgia Bar No. 560725
                                   **Attorneys for Plaintiff**